J-S47013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN SAMUEL PIZARRO-DIAZ | : | |
| | : | |
| Appellant | : | No. 1918 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 11, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002225-2017

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 04, 2019**

Appellant, Jonathan Samuel Pizarro-Diaz, appeals from the Judgment of

Sentence entered by the Dauphin County Court of Common Pleas following

his convictions of Receiving Stolen Property; Possession of Firearm Prohibited;

Conspiracy-Manufacture, Delivery or Possession with Intent to Manufacture or

Deliver; Manufacture, Delivery or Possession with Intent to Manufacture or

Deliver; and Use/Possession of Drug Paraphernalia.[1]  He challenges the

discretionary aspects of his sentence, as well as the weight of evidence. After

careful review, we affirm.

We glean the relevant facts from the trial court's Opinion.  See Trial Ct.

Op., filed 3/8/19, at 3-7.  During the early morning hours of March 31, 2017,

Pennsylvania State Trooper Jay Lownsbery and other members of the

---

[1] 18 Pa.C.S. § 3925(a); 18 Pa.C.S. § 6105(a)(1); 18 Pa.C.S. § 903; 35 P.S. §
780-113(a)(30); 35 Pa.C.S. § 780-113(a)(32), respectively.

Pennsylvania State Police Special Emergency Team ("SERT") executed a search warrant at the residence located at 3812 Crooked Hill Road in Susquehanna Township in connection with suspected narcotics trafficking. The SERT officers arrested eight individuals who had been asleep in various areas of the house: Patrick McKenna, Jordy Melendez, Luis "Pupo" Ortiz-Cruz, Dennison Ortiz-Cruz, Charlie Vasquez, Trisha Santiago, [Appellant], and Elizabeth Grimwold.

In the living room, where officers found McKenna asleep on a futon, officers recovered a loaded 38-caliber Smith & Wesson revolver from an end table adjacent to McKenna. They also recovered an unloaded H&R 32-caliber pistol from beneath a pile of clothing in a corner of the living room, an unboxed surveillance system, an opened metal canister, and drug paraphernalia spread throughout the living room. Throughout the three bedrooms, police officers recovered numerous firearms, some loaded with multi-shot magazines, large quantities of ammunition, large quantities of cocaine, large quantities of U.S. currency, small amounts of marijuana and heroin, drug-packaging materials, a coffee grinder with white residue, owe sheets, multiple cell phones, receipts reflecting money transfers to Puerto Rico, and body armor.

In the basement, where Appellant and Elizabeth Grimwold had been sleeping in a makeshift bedroom, officers observed Appellant's I.D., his paystub, and bank paperwork, along with two cellphones sitting atop a dresser. Officers also observed a loaded 22-caliber Mossberg assault rifle on

a table next to the bed. Hidden behind a bar in the basement, police officers discovered an inoperable 40-caliber Smith & Wesson 411 model pistol inside an ammunition can, and a large camouflage bag containing four pieces of black body armor and two gas masks. On top of the bar, officers discovered a box for a 9-millimeter Glock handgun; a plastic bag containing loose 9-millimeter ammunition; and two boxed 50-round drum magazines for a 9-millimeter Glock handgun. Police also recovered multiple boxes of ammunition for a variety of firearms within two military ammunition cans from the basement.

In the kitchen, officers found an electronic scale with white residue on it, a vacuum sealer, and a money counter.

A joint jury trial commenced on August 13, 2018.[2] McKenna, Officer Lownsbery, and Dauphin County Detective John Goshert, an expert in street-level narcotics, testified on behalf of the Commonwealth. Melendez testified for the defense.

McKenna testified that he, Appellant, and the co-defendants "worked with one another in the breaking down and selling of cocaine." Trial Ct. Op. at 14.

> McKenna's testimony[,] along with evidence seized from the residence established that every few days, a brick of cocaine would be sent to the Crooked Hill residence. Prior to the brick being broken down, the brick would be kept inside the closet of

---

[2] Appellant was tried with Melendez, Luis Ortiz-Cruz, and Dennison Ortiz-Cruz.

co-defendant Melendez to ensure its safety. In order to prepare the brick for sale, [Appellant], along with his co-defendants[,] would break down the cocaine and weight it out into individual ounces. From there, the pieces would be placed in a blender. Once the rocks were blended into powder cocaine, it would then be packaged into small one-ounce plastic bags, approximately then (10) of which were given to each individual at a time for sale. Additionally, McKenna testified that [Appellant] was not a recreational cocaine user.

Roughly one (1) kilogram of cocaine, estimated at around $30,000, was found hidden within a backpack inside the residence. Additionally, sale paraphernalia, such as electronic scales, blenders, packaging materials, and a money counter were found throughout the house often coated in white residue indicating more than just personal use.

Trial Ct. Op. at 15.

Goshen testified that evidence of narcotics trafficking included high quantities of narcotics, large amounts of cash, packaging paraphernalia, and firearms indicating traffickers' heightened security. *Id*. at 8-9.

The parties stipulated that the 38-caliber Smith & Wesson revolver, Hi-Point 9-millimeter handgun, Taurus 9-millimeter handgun, Glock 19 handgun, 22-caliber Mossberg assault rifle, and 40-caliber Smith & Wesson 411 model pistol were stolen property.

On August 18, 2018, a jury convicted Appellant of the above crimes. The trial court ordered a Pre-Sentence Investigation ("PSI").

On October 11, 2018, the trial court sentenced Appellant, a repeat felony offender, within the sentencing guidelines to an aggregate term of

ninety to two-hundred forty months' incarceration.[3] Appellant filed a Post-Sentence Motion, which the trial court denied.

This timely appealed followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Whether the imposition of an aggregate sentence of ninety (90) to two-hundred forty (240) months incarceration was excessive given the circumstances of Appellant?

2. Whether the verdict is against the weight of the evidence as the Commonwealth was unable to prove beyond a reasonable doubt that [Appellant] possessed or received any stolen property or that he conspired or possessed with the intent to deliver any controlled substances?

Appellant's Br. at 6.

In his first issue, Appellant challenges the discretionary aspects of his sentence, by contending his "sentence was excessive given the particular circumstances of the Appellant." Pa.R.A.P. 2119(f) Statement, Appellant's Br. at 10. He also "submits the sentencing court failed to consider Appellant's rehabilitative needs." *Id*.

_____

[3] Specifically, after the court noted that it had to sentence Appellant "according to what the guidelines have set forth," N.T. Sentencing, 10/11/18, at 11, the court imposed sentences of incarceration as follows: on Count 1-Receiving Stolen Property: 30 to 120 months, one month below the mitigated range; Count 2-Possession of a firearm prohibited: 30 to 60 months to run concurrent with Count 1 sentence; Count 3–Conspiracy to manufacture, deliver or possession with intent to deliver: 60 to 120 months, to run consecutive to Count 1; Count 4 – Possession with intent to deliver: 60 to 120 months, to run consecutive to Count 1 sentence and concurrent with Count 3; Count 5 – Drug paraphernalia: no further sentence. *Id*. at 12.

Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

In the instant case, Appellant met the first three elements by filing a timely Notice of Appeal, preserving the issue in a Post-Sentence Motion, and including a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f). Before reaching the merits of Appellant's argument, we must review Appellant's Rule 2119(f) Statement to determine if he has presented a substantial question for our review.

Whether a substantial question has been raised regarding a discretionary sentence is determined on a case-by-case basis. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the

fundamental norms which underlie the sentencing process." ***Id.*** (citation and quotation omitted).

This Court has held that

the Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.,* the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.,* the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range).

***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000).

In the instant case, without referencing the sentencing guidelines at all, "what particular provision of the Code is violated," or "what fundamental norm the sentence violates and the manner in which it violates that norm," Appellant avers in his Rule 2119(f) Statement only that his sentence is excessive and the lower court failed to consider his rehabilitative needs. ***See*** Appellant's Brief at 10. This Court has consistently held that an allegation that a sentencing court "did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995); ***see also Commonwealth v. Rhoades***, 8 A.3d 912, 918-19 (Pa. Super. 2010) (stating "an allegation that the sentencing court failed to consider mitigating factors generally does

- 7 -

not raise a substantial question for our review").[4]  Appellant has failed to raise a substantial question. Accordingly, we decline to review Appellant's sentencing challenge.

In his second issue, Appellant contends that "the verdict [was] against the weight of evidence and . . . shocks the conscience[,] . . . and that the Commonwealth failed to prove beyond a reasonable doubt that he possessed or received any stolen property or that he conspired or possessed with the intent to deliver any controlled substances." Appellant's Br. at 14. He asserts that because Melendez testified that all of the drugs and guns located at 3812 Crooked Hill Road were his, the Commonwealth failed to establish that Appellant possessed or received any stolen property or that he conspired or possessed with the intent to deliver any controlled substances. *Id.*  Therefore, he concludes, the verdict is against the weight of the evidence. *Id*.  Appellant's issue, as stated, actually presents challenges to both the sufficiency and weight of the evidence.[5]

---

[4] Moreover, where the sentencing court had the benefit of a PSI, we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

[5] Our Supreme Court has underscored the distinction between challenges to the sufficiency of the evidence and challenges to the weight of the evidence, noting that the remedy for insufficient evidence is an acquittal, while the remedy for a verdict against the weight of the evidence is the award of a new trial. *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000).

With respect to the sufficiency aspect, Appellant avers in his Brief that the evidence failed to establish that he possessed or received any stolen property or that he conspired or possessed with the intent to deliver any controlled substances. Appellant's Br. at 14, *citing* 18 Pa.C.S. § 3925(a) and 35 Pa.C.S. § 780-113(a)(30). He notes that the residence in which he was sleeping when police executed the search warrant was not his, and he was not under surveillance or a known suspect prior to the execution of the search warrant. Appellant's Br. at 13. He also notes that police found no drugs or large amounts of cash on his person, and the items in the bar area of the basement were not visible to him. **Id**. at 13-14.

To the extent Appellant is challenging the sufficiency of the evidence underlying his convictions, we observe that Appellant fails to cite to case law and provide discussion of legal concepts pertinent to his sufficiency challenge.[6] *See* Pa.R.A.P. 2101, 2119(a) (requiring conformance with briefing rules, and discussion and citation of pertinent authorities). "This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **Commonwealth v. Freeland**, 106 A.3d 768, 776-77 (Pa. Super. 2014) (citations omitted). Additionally, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other

---

[6] Specifically, Appellant's Brief is devoid of any acknowledgement or discussion of case law pertaining to constructive possession, a legal concept that is pivotally relevant to Appellant's convictions. **See** Trial Ct. Op., filed 3/8/19, at 14-16.

meaningful fashion capable of review, that claim is waived[.]" ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (citations omitted).

Because Appellant's challenge to the sufficiency of the evidence supporting his convictions is not developed in a meaningful fashion capable of review, it is waived.

To the extent Appellant challenges the weight of the evidence, he avers that because defense witness Melendez claimed responsibility for all of the evidence found in the basement, the verdict was against the weight of the evidence. Appellant's Brief at 15.

We review a weight claim informed by the following well-settled standards. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. ***Commonwealth v. Hopkins***, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. ***Talbert***, ***supra*** at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. ***See id.*** at 545-46.

"In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* at 546 (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict, but questions the evidence that the jury chose to believe. *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 n.3 (Pa. 2000).

In denying Appellant's weight challenge, the trial court found that it was not against the weight of evidence for the jury to discredit the testimony of Melendez, and credit the testimony of McKenna and Trooper Lownsbery, along with the stipulations, to conclude that Appellant possessed or received stolen property and that he conspired or possessed with the intent to deliver controlled substances. Trial Ct Op., filed 3/8/19, at 11-16.

The court opined that the jury was unconvinced of Melendez's credibility, noting that McKenna testified that Melendez had previously attempted to split

- 11 -

up the charges between his fellow co-defendants to lessen each individual's sentence. *Id.* at 16. The trial court's detailed analysis also discussed McKenna's testimony, that the 22-caliber Mossberg assault rifle was considered to be Appellant's firearm, that the rifle was always by Appellant's side, and that he, Appellant, and his fellow co-defendants worked with one another in the breaking down and selling of cocaine. *Id.* at 13-14. The court also addressed Trooper Lownsbery's testimony that upon entry of the basement, officers observed a 22-caliber Mossberg assault rifle located in plain view by Appellant's bed. *Id.* at 13.

Appellant essentially requests that we reassess and reweigh the evidence presented at trial. We cannot and will not do so. Our review of the record indicates that the evidence supporting the jury verdict is not tenuous, vague, or uncertain, and the verdict was not so contrary as to shock the court's conscience. We discern no abuse of discretion in the trial court's denial of Appellant's weight challenge.

Judgement of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/04/2019